---

### BERRIDGE *v.* WILLCOME

1. WORKMEN'S COMPENSATION—"REGULARLY EMPLOY" DEFINITION.

    The statutory phrase "regularly employ" neither depends upon employees punching a time clock with daily regularity, nor upon an employer's demands for workers remaining static, nor upon the number of employees ever fluctuating to less than three, nor upon the seasonal nature of the employer's business, nor upon the daily uncertainty whether the employees will work or not due to the weather or other work commitments, because "regularly employ" means a course of conduct that is repetitive in nature (MCLA § 411.2a[1]).

2. WORKMEN'S COMPENSATION—"REGULARLY EMPLOY"—PART-TIME EMPLOYMENT—LIABILITY FOR INJURY.

    Plaintiff, a part-time employee of defendant's tree service company, was entitled to workmen's compensation for the loss of his thumb on a job-related accident where, despite the seasonal nature of defendant's business, he regularly employed at least three employees when work was available, he considered them employees, and the employment relationship formed was not casual, because the statute is designed to protect workers from loss of wages due to work-related injuries where there are at least three workers regularly employed without regard to whether the employment is full-time or part-time (MCLA § 411.2a[1]).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 58 Am Jur, Workmen's Compensation § 87.
Workmen's compensation: continuity and duration of employment required by provision of act making its applicability depend on number of persons employed. 81 ALR 1232.

Appeal from the Workmen's Compensation Appeal Board. Submitted Division 3 December 7, 1969, at Grand Rapids. (Docket No. 6,855.) Decided July 27, 1970.

Complaint by George E. Berridge against Gerald Willcome, doing business as New Era Tree Company, for workmen's compensation. Referee denied claim; the appeal board reversed. Defendant appeals. Affirmed.

*William B. Freford,* for plaintiff.

*Cholette, Perkins & Buchanan (Sherman H. Cone,* of counsel), for defendant.

Before: FITZGERALD, P. J., and R. B. BURNS and BRONSON, JJ.

BRONSON, J. Plaintiff, George E. Berridge, was injured in an on-the-job accident which resulted in the loss of his left thumb. The workmen's compensation referee ruled that plaintiff was not entitled to compensation. The appeal board reversed the referee, and from that decision, defendant brings this appeal.

The Workmen's Compensation Appeal Board declared that the sole issue was whether defendant employer regularly employed less than three employees at one time. The appeal board stated: "If the answer is yes, then the employer is not within the scope of the act and is an exception thereto within the meaning of section 2(a), part I."* The appeal board then found as follows:

"Defendant was in the tree service business, removing trees from properties on a contract basis and also bidding on specific jobs. Defendant had

---

* MCLA § 411.2a(1) (Stat Ann 1968 Rev § 17.142[1]).

worked in this business for a number of years and only recently began his own tree trimming service. He had very little work and hired help when he had a job to do. There is no question that when he had a job he hired help and when he had no job, the company had no business to do, and no employees to hire. It is elementary then that the determination of the crucial question must be made from evidence when he was in business. Certainly it cannot be claimed that because a majority of the time defendant had no work, and thus no employees, he was exempt from the Act.

\*        \*        \*

"The evidence in this case supports a finding that when the defendant was doing business he did not regularly employ less than three employees at one time."

The instant case presents a novel question previously unanswered in any reported appellate decision in this state. What meaning is to be given to the words "regularly employ" as contained in the statute? After an initial hearing this Court remanded the case to the appeal board with a directive that it provide this Court with specific findings to substantiate its holding and, if necessary, to take additional testimony.

On remand, the appeal board made the following specific findings of fact:

"Ronald Ball testified that he worked full time at Condon Die Cast Company. He was also working part time for defendant 3 to 5 days a week about 7:30 a.m. to 1 p.m. This employment was about 7 weeks' duration and began in early June of 1966. Ball recalled working jobs with plaintiff, his cousin, Carl Berridge, and a 'Kenny', although not all at one time. He did recall the two Berridges and himself working a job, and he recalled working with plaintiff and Kenny on the job where plaintiff was

injured (loss of thumb while tree trimming). He quit the employment when plaintiff was hurt as plaintiff had provided the transportation.

"Kenny Brakefield went to 'work' for defendant in 1963 as a groundman and worked June, July and August, 1964. He and the defendant were working the day of plaintiff's injury. Kenny was not paid by check, but was given cash if he needed something. He worked daily for defendant, who was his cousin's husband.

"Carl Berridge had worked for defendant in 1963. He worked off and on for defendant in 1964, was not employed at time of plaintiff's injury, but was full time thereafter. He recalled working on jobs with plaintiff and Kenny together.

"Plaintiff also worked at Condon Die Cast on the afternoon shift so he worked similar hours to Ronald Ball on days of the week when weather permitted. He stated there were always 3 to 4 men on the job, one being defendant himself. One man would be in the tree, another holding his ropes, another running the chain saw and one loading the truck.

"The defendant testified that when the season commenced in May, the Berridges worked with Kenny coming after school or Saturdays. Ronald Ball started when Carl Berridge left in June.

\*        \*        \*

"Defendant basically kept no records. The fellows would all keep track of their time and if it jibed with defendant's memory, a check was issued by defendant's wife."

The appeal board, in concluding that defendant regularly had three employees, stated:

"[Defendant] began the year with the Berridges and Kenny, replacing Carl Berridge with Ronald Ball. Some question exists as to the number of employees on date of injury, Ronald Ball stating

he was working then (although not that Saturday of injury) and defendant claiming Ball had not worked since early July. There is no question in our mind that Kenny was an employee, being kept busy in the summer by defendant in return for spending money when needed.

"The question then really goes to that asked by the Court: What is regular employment? This board has never considered 'regular' to be clock-punching regularity day in and day out nor the demands of the employer remaining static from week to week. The compensation law is social legislation to protect workers from job injury and wage loss suffered. It therefore cannot be turned on and off like a water faucet just because an employer has three men for two months and two men for two months or because his business is seasonal. Neither is the day to day uncertainty of men turning up due to other commitments or weather relevant. All the employees had a part-time aura about their hours, but there is no doubt defendant considered them as employees and started the 1964 season with three of them. To us, regular means a pattern of conduct, however irregular it is pursued. Section 2(a) Part I (MSA 17.142[1]) speaks of 'regularly employ(ing) 3 or more employees at one time'. It does not say this must be full time, and if considered with § 11, Part II that provides the formula for the average weekly wage of part-time employees, it is clear to us that 'regular' means that course of conduct that is repetitive in nature, whether ten hours irregularly, 40 hours a week, or like firemen in shifts up to two days and beyond. Part-time employment can be as regular as full-time employment, and we find here that defendant had three regular employees when there was work available. There was no 'casual' employment relationship. The board has previously scribed this reasoning in *McKinney* v. *Bies*, 1965 ABO 346, and *Holland* v. *Doty*, 1966 ABO 316."

We are in agreement with the appeal board's interpretation. Based upon the findings of fact we are satisfied that the defendant is governed by the statute. The decision of the Workmen's Compensation Appeal Board is affirmed. Costs will be awarded to the plaintiff.

All concurred.